AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Alabama

| | |
|---|---|
| United States of America<br>v.<br>DEMETRIUS RICHARDSON<br><br>Defendant(s) | ) ) ) ) ) ) ) ) )  Case No. MJ 21-0138-B |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __APRIL 15, 2021 to PRESENT__ in the county of __MOBILE__ in the __SOUTHERN__ District of __ALABAMA__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1349 | WIRE FRAUD CONSPIRACY |

This criminal complaint is based on these facts:
ATTACHED AFFIDAVIT INCORPORATED HEREIN.

☑ Continued on the attached sheet.

_Complainant's signature_

Wesley Anthony, SA SBA-OIG
_Printed name and title_

Sworn to before me and ~~signed in my presence.~~ attested to pursuant to Fed. R. Crim. P. 4.1(b)(2)(B).

Date: August 27, 2021

_Judge's signature_

City and state: MOBILE, ALABAMA

HONORABLE JUDGE SONJA F. BIVINS
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Wesley Anthony, being duly sworn, depose and state:

## INTRODUCTION AND AGENT BACKGROUND

1.  I am a Special Agent of the U.S. Small Business Administration – Office of Inspector General ("SBA-OIG"). I am empowered by the Inspector General Act of 1978 to conduct investigations, carry firearms, execute and serve search, seizure, and arrest warrants, make warrantless arrests, administer oaths, require and receive information relating to offenses against the United States, and take other such actions as authorized by law. I was previously a Special Agent with the Department of Homeland Security, Homeland Security Investigations. As a Special Agent with 17 years of experience, I have conducted numerous investigations relating to financial fraud, money laundering, the creation and use of forged documents, and cybercrime investigations. I have received training at the Federal Law Enforcement Training Center in Georgia regarding financial fraud and cybercrime. I have also attended specialized in-service training courses in the areas of financial crime and money laundering during my career. In the investigations I have conducted, to include financial investigations, I have employed both traditional and contemporary investigative techniques to include physical surveillance, document review, witness interviews, record checks, and the seizure and analysis of electronic media and data. I have also either led or participated in the execution of numerous enforcement actions, including probable cause arrests and searches, many of which involved the subsequent seizure of both tangible items of evidentiary value and electronic media and data.

1

## INTRODUCTION

2. Below, I have set forth only those facts necessary to establish probable cause that Demetrius Richardson ("Richardson") and others unknown to me at this time have violated 18 U.S.C. § 1349 (Wire Fraud Conspiracy) between April 2021 and the present in the Southern District of Alabama. I am familiar with the information contained in this affidavit based upon the investigation I conducted and based on my conversations with other federal agents, namely Special Agent Daniel Kwiatkowski of the U.S. Treasury Inspector General for Tax Administration ("TIGTA"). Because this affidavit is being submitted for the limited purpose of securing an arrest warrant for the above-named person for the alleged violation committed in this district, I did not include each fact known to me concerning this investigation. All times, dates, amounts, and locations described in my affidavit are approximations. The proffered facts are allegations only.

## BACKGROUND REGARDING THE PAYROLL PROTECTION PROGRAM

3. On March 29, 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted into federal law. The CARES Act was designed to provide emergency financial assistance to millions of Americans who were suffering the economic effects caused by the COVID-19 Pandemic.

4. One source of funding under the CARES Act available to small businesses was the Paycheck Protection Program ("PPP"). To be eligible for a PPP loan, it was necessary for a business to be in existence *before* February 15, 2020, have employees, and have monthly payroll costs. To obtain a PPP loan, a qualifying business was required to submit a PPP loan application signed by an authorized representative of the business, such

as the owner of said business. The PPP loan applicant was also required to provide documentation showing the payroll expenses of the business.

5. The PPP loan applicant was required to assert the average monthly payroll expenses of the small business, along with its number of employees. Further, the PPP loan application required the business, through its authorized representative, to acknowledge the program rules and make certain affirmative representations and certifications. The loan application's required representations included a certification that the information submitted was true and accurate and that the funds would only be used for business-related purposes.

6. In March 2021, the SBA allowed persons who identified as sole proprietors to apply for PPP funding in order for those persons to maintain economic solvency due to declining business revenues caused by the Covid-19 Pandemic. In support of PPP applications, persons claiming to maintain a business matter as a sole proprietor with no other employees submitted an Internal Revenue Service ("IRS") Form Schedule C (Form 1040) Profit or Loss From Business, a portion of which is seen below.

| SCHEDULE C (Form 1040 or 1040-SR) Department of the Treasury Internal Revenue Service (99) | **Profit or Loss From Business** (Sole Proprietorship) ► Go to www.irs.gov/ScheduleC for instructions and the latest information. ► Attach to Form 1040, 1040-SR, 1040-NR, or 1041; partnerships generally must file Form 1065. | OMB No. 1545-0074 2019 Attachment Sequence No. 09 |
|---|---|---|
| Name of proprietor | | Social security number (SSN) |
| A  Principal business or profession, including product or service (see instructions) | | B Enter code from instructions ► |
| C  Business name. If no separate business name, leave blank. | | D Employer ID number (EIN) (see instr.) |
| E  Business address (including suite or room no.) ► ............  City, town or post office, state, and ZIP code | | |

7. Under the sole proprietor loan calculation guidelines, the maximum loan amount for a sole proprietor with no employees is $20,833 (the PPP program has a cap of

3

$100,000 on the Gross Income or Net Profit Amount). Using the PPP loan calculation formula for Schedule C filers, a PPP loan in the amount of ~$20,830 indicated that the applicant / borrower asserted that he/she earned $100,000 or more in Gross Income during tax years 2019 or 2020.

| Part I | Income | |
|---|---|---|
| 1 | Gross receipts or sales. See instructions for line 1 and check the box if this income was reported to you on Form W-2 and the "Statutory employee" box on that form was checked . . . . . . . . . ▶ ☐ | 1 |
| 2 | Returns and allowances . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2 |
| 3 | Subtract line 2 from line 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3 |
| 4 | Cost of goods sold (from line 42) . . . . . . . . . . . . . . . . . . . . . . . . . | 4 |
| 5 | Gross profit. Subtract line 4 from line 3 . . . . . . . . . . . . . . . . . . . . . | 5 |
| 6 | Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) . . . . | 6 |
| 7 | Gross Income. Add lines 5 and 6 . . . . . . . . . . . . . . . . . . . . . . . . ▶ | 7 |

8. After this change to the PPP rules, the SBA-OIG and financial institutions across the United States identified an explosion in instances of suspected PPP fraud being committed by persons with no known history of business ownership or commensurate business financial activity. Using the internet and available software tools, investigations across the United States determined that persons or groups intent on defrauding the PPP created false Schedule C forms and submitted forged bank statements in order to unlawfully induce the PPP lender and SBA to create and fund a fully forgivable PPP loan.

## PROBABLE CAUSE

9. Based on the investigation set forth below, I have probable cause to believe that Richardson submitted, and caused to be submitted, a PPP application, supporting documents, and other materially false statements via the internet in order to unlawfully influence the SBA and its authorized PPP lender in order to obtain funds for which he had no legal eligibility, all in violation of 18 U.S.C. § 1349.

4

10. On June 9, 2006, in the Southern District of Alabama, Richardson was sentenced to serve a 262-month term of confinement within the U.S. Bureau of Prisons ("BOP") and a 60-month term of supervised release as to Count 1 of an Indictment which charged him with Conspiracy to Possess with Intent to Distribute Crack Cocaine. *See* Case No. 1:05-cr-00105. Richardson was released from BOP custody in August 2020, and in January 2021, transitioned to the aforementioned 60-month term of supervised release by the U.S. Probation Office in the Southern District of Alabama.

11. On April 10, 2021, Mr. Dewon Donaldson was found shot to death in the 200 block of North Ann Street in Mobile, Alabama. Investigation of Mr. Donaldson's death conducted by the Mobile Police Department resulted in the April 19, 2021, arrest of Richardson for murder.

12. Information developed during the murder investigation indicated that Richardson may have unlawfully received a PPP loan, from which he was misapplying loan proceeds to personal expenses.

13. On August 18, 2021, I conducted a search of the SBA loan database which met with a positive result for the existence of an outstanding PPP loan (Loan # 86455088-08) created under the confirmed personal identifiers of Richardson and funded by approved PPP lender Prestamos CDFI, of Phoenix, Arizona. Using databases available to law enforcement, I confirmed that the Social Security Administration identification number (redacted in this Affidavit) used to create PPP Loan 86455088-08 is in fact Richardson's true and correct Social Security number.



Demetrius Richardson Mobile AL Amount $20,830 Status Disbursed Current Loan 86455088-08 App 29357714 Funded 04/22/2021

Paycheck Protection Program
Expand | Collapse
Demetrius Richardson's Loan Ap
Loan Info
Project Info
Borrowers
1. *Demetrius Richardso
Principals
1. Demetrius Rich
Guarantors
Associates
EAS Info

Borrower Business Information , Guaranty Loan

Tax ID: 417-[redacted]
Name: Demetrius Richardson
(Doing business as) Trade Name:
* DUNS:
* Legal Organization Type: Sole Proprietorship
Primary Business? Yes
Controlling Interest Management: Primary Borrower
Controlling Interest? Yes
Do Not Refer Code: Not selected yet
Primary Phone: 251-401-4609 999-999-9999

SBA Loan Database Screenshot

14. Within the submitted PPP application which caused the loan to be funded and disbursed, it was asserted that Richardson, as a sole proprietor, realized monthly payroll expenses of $8,333.00 for himself (see below).

Demetrius Richardson Mobile AL Amount $20,830 Status Funded App 29357714 Loan 86455088-08

Paycheck Protection Program
Expand | Collapse
Demetrius Richardson's Loan Ap
Lender Info
Eligibility
Application Info
Use of Proceeds
Lender Comments
Project Info
Repayment
Borrowers
1. *Demetrius Richardso
Principals
1. Demetrius Rich
Personal Finan
Guarantors
Business Financials

Loan Name: Demetrius Richardson
* Average Monthly Payroll: $8,333.00
* Amount Requested: $20,830.00
* US is primary residence for payroll calculations? (•) Yes ( ) No
* SBA Guaranty Percentage: 100.00 %
* Loan Term: 60 months
* Interest Structure: Fixed
* Interest Type: (•) Fixed ( ) Variable
* Interest Applies To: Full
* Base Rate Source: Lender's Fixed Base Rate
Base Rate: 0
* Borrower's Interest Rate: 1.00000 %
Spread Over Prime: 1.00000

SBA Loan Database Screenshot

15. The information within the SBA database also disclosed that an IRS Schedule C tax filing document was submitted in support of this loan. The 2019 Schedule C asserted that Richardson realized income of $108,099.00.



SBA Loan Database Screenshot

16. Additional information provided within the loan application documented that the nature of the business, created on January 1, 2020, was "Janitorial Services". Richardson remained in the custody of the BOP in January 2020 and beyond.

7



SBA Loan Database Screenshot

17. During the course of this investigation, I obtained the formal loan file from Prestamos and its information technology partner, Blue Acorn. Within the file were evidentiary documents identified as a 2019 Form Schedule C and what purported to be a Navy Federal Credit Union monthly statement, portions of which are seen below.

8

18. TIGTA Special Agent Kwiatkowski stated that IRS systems did not disclose the existence of claimed income for Richardson during 2019, and that the 2019 Schedule C used to induce the creation of the PPP loan was false and never filed with the IRS.

19. Navy Federal Credit Union financial fraud investigators were also contacted in reference to the below financial statement.



20. Navy Federal investigators stated that the accounts to which this statement related were actually created on September 21, 2020, so it was impossible that this was a legitimate statement created by Navy Federal in March 2020. As stated previously in this affidavit, for any business entity to be eligible for PPP funding, said business, regardless of legal form (Sole Proprietor; LLC; Corporation; etc.) must have been in legitimate operational existence *prior to* February 15, 2020. Similar to the circumstances of the forged 2019 Schedule C identified above, Richardson was in the custody of the BOP from February – March 2020, when this bank account did not even exist.

9

21. The PPP application and its supporting documents were submitted via the internet, a facility and instrumentality of interstate commerce, to Blue Acorn's computer servers in Virginia. The application itself was created, submitted, and modified on or about the dates of April 15, 2021, and April 28, 2021, using internet protocol (IP) addresses controlled by AT&T which geographically resolve to the Southern District of Alabama.

22. In addition, the loan closing documents that bear the electronic signature of Richardson were submitted to Prestamos and Blue Acorn on April 29, 2021, from IP address 75.52.160.106. As before, this AT&T controlled IP address also geographically resolves to the Southern District of Alabama.

23. The above scheme and artifice to defraud the PPP induced Blue Acorn, the SBA, and Prestamos to create and fund PPP loan # 86455088-08 which enriched Demetrius Richardson. This scheme resulted in the debit of $20,830 in loan proceeds from Phoenix, Arizona based Prestamos' holding account at PNC Bank, which is headquartered in Pennsylvania. The loan proceeds were then electronically transferred, causing an interstate communication, to Richardson's Account XXXX2188 at Navy Federal, which is headquartered in Virginia. Both PNC Bank and Navy Federal are financial institutions as defined by 18 U.S.C. § 20.

24. Richardson's PPP loan proceeds were electronically transferred by Prestamos and posted to Navy Federal Account XXXX2188 on or about May 13, 2021. This account was created in September 2020, under the name and identity of Richardson. Richardson is the sole signor on the account. After the funds were received into the target account, and while Richardson remained in custody after his April 19th arrest for the murder

of Mr. Donaldson, multiple apparent non-business-related financial transactions depleted the account. On May 14th, one day after receiving the loan proceeds, $4,000 was transferred to the Navy Federal account of Corine Campbell. On May 21, 2021, $5,000 in PPP loan proceeds were transferred to the Navy Federal account of Tyanna Earl. Three days later, on May 24, 2021, a second $5,000 electronic transfer from Richardson to Ms. Earl was completed. Tyanna Earl is the sister of Richardson. The next day, on May 25, 2021, another $4,000 was transferred to the Navy Federal account of Corine Campbell. These transfers to the accounts of Ms. Earl and Ms. Campbell cumulatively represented $18,000 of the original $23,830 PPP loan. Other funds remaining in the account were depleted via withdrawals from various Automated Teller Machines (ATMs) in the greater Mobile area. The account now contains less than $400.

## CONCLUSION

25. I believe there is probable cause that Demetrius Richardson and others unknown to federal agents at this time have violated 18 U.S.C. § 1349 between April 2021 and the present in the Southern District of Alabama. The underlying scheme and artifice caused to be transmitted in interstate or foreign commerce multiple communications consisting of the false PPP application, forged supporting documents, and the resulting electronic transfer of funds between two financial institutions headquartered outside the Southern District of Alabama.

26. Richardson was in the custody of the BOP during the entire 2019 Calendar Year and remained in federal custody until his release in August 2020, approximately five months *after* the passage of the CARES Act which authorized and appropriated funding

for the PPP program. Richardson did not submit any tax filings to the IRS for tax year 2019 because he was in federal prison during that time, yet submitted, or caused to be submitted, a forged IRS Form Schedule C which falsely asserted that his sole proprietorship janitorial business earned $108,099 during that time period.

27. Richardson then transferred or caused the transfer and depletion of the PPP loan proceeds, which were themselves obtained via fraud, to his sister and an associate via electronic transfers and ATM withdrawals with no ostensible intended business purpose.

28. Accordingly, it is respectfully requested that the Court issue a warrant authorizing the arrest of Richardson based on probable cause that he violated the provisions of 18 U.S.C. § 1349.

Dated: 8/27/2021

Respectfully submitted,

Wesley Anthony
Special Agent
U.S. Small Business Administration
Office of Inspector General

THE ABOVE AGENT HAS ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(B) THIS 27th
DAY OF AUGUST 2021.

HONORABLE SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE

for the PPP program. Richardson did not submit any tax filings to the IRS for tax year 2019 because he was in federal prison during that time, yet submitted, or caused to be submitted, a forged IRS Form Schedule C which falsely asserted that his sole proprietorship janitorial business earned $108,099 during that time period.

27. Richardson then transferred or caused the transfer and depletion of the PPP loan proceeds, which were themselves obtained via fraud, to his sister and an associate via electronic transfers and ATM withdrawals with no ostensible intended business purpose.

28. Accordingly, it is respectfully requested that the Court issue a warrant authorizing the arrest of Richardson based on probable cause that he violated the provisions of 18 U.S.C. § 1349.

Dated: 8/27/2021

Respectfully submitted,

Wesley Anthony
Special Agent
U.S. Small Business Administration
Office of Inspector General

THE ABOVE AGENT HAS ATTESTED
TO THIS AFFIDAVIT PURSUANT TO
FED. R. CRIM. P. 4.1(b)(2)(B) THIS 27th
DAY OF AUGUST 2021.

HONORABLE SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE